## IDA M. MAIR v. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

October 16, 1936.

No. 30,938.

*A. V. Rieke, Bonita F. Rieke,* and *Maurice H. Rieke,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre* and *George D. McClintock,* for respondent.

PER CURIAM.

Plaintiff had a verdict on an accident policy. The case arose out of the same situation as Mair v. Equitable L. Assur. Soc. 193 Minn.

[1]Reported in 269 N. W. 364.

565, 259 N..W. 60. The facts are there stated, and differences in this record will be hereafter referred to.

■ Defendant contends that there is no satisfactory evidence of the occurrence of an accident. We see no essential difference between this record and that presented in the Equitable case. In our opinion it was sufficient to go to the jury on this point.

■ It is claimed that chronic interstitial nephritis was a contributing cause and that under the contract this fact barred recovery. The attending physician testified that in his opinion the chronic nephritis had nothing to do with the death. That statement was not so far impeached on cross-examination as to eliminate the statement from consideration by the jury, and the court fairly submitted the question of fact.

■ The court rightly charged the jury upon the theory that the provision of the policy reducing the indemnity in case of septic infection "from such injury, abrasion, bruise or laceration" did not apply to this case. The specific words after the general word "injury" limit the general character of the injury covered by the provision to that of the specific limiting words.

The other questions raised are disposed of by the opinion in the Equitable case.

Order affirmed.